IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 21, 2023 Session

## REGINALD HALL v. WILMINGTON SAVINGS FUND SOCIETY ET AL.

**Appeal from the Chancery Court for Anderson County**
**No. 16CH8303      M. Nichole Cantrell, Chancellor**

_____

**No. E2022-01362-COA-R3-CV**
_____

In April of 2018, Bank of America, N.A. ("BOA") conducted a foreclosure sale on a piece of real property located in Anderson County, Tennessee. The property was subsequently sold to a third party. The previous homeowner, Reginald Hall ("Appellant"), initiated wrongful foreclosure proceedings against BOA, among others, in the Chancery Court for Anderson County (the "trial court"). BOA filed a motion for summary judgment on July 7, 2022. Following a hearing, the trial court entered an order granting BOA's motion. Appellant appeals to this Court. Because Appellant's brief does not comply with the applicable Rules of Appellate Procedure governing briefing, the issues purportedly raised are waived. The trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Reginald Hall, Knoxville, Tennessee, Pro Se.

Heather Howell Wright, Erin Alexandra McFall, and Savannah Leigh Kolodziej, Nashville, Tennessee, for the appellee, Bank of America, N.A.

Guy E. Tustin III, Knoxville, Tennessee, and H. Keith Morrison, Fayetteville, Arkansas, for the appellee, Wilmington Savings Fund Society.

## OPINION

In October of 1998, Appellant obtained a $65,000 home equity line of credit ("HELOC") from BOA, which was secured by a deed of trust (the "first deed of trust") against real property located at 22 Rivers Run Way in Oak Ridge, Tennessee (the "Property"). Subsequently, in January of 2002, Appellant executed and delivered a

promissory note (the "note") in the amount of $278,479.95 and a deed of trust (the "second deed of trust") against the Property, also in favor of BOA. Beginning in January of 2015, Appellant failed to make the monthly payments required by the note on the second deed of trust. In February of 2016, BOA assigned the note and the second deed of trust to Wilmington Savings Fund Society ("Wilmington").

On September 7, 2016, Wilmington filed an action in the trial court against Appellant, BOA, and numerous other of Appellant's creditors,[1] seeking a declaration that Wilmington had the first-priority lien on the Property, as well as foreclosure of the second deed of trust. While that case was pending, however, Hall defaulted on the HELOC secured by the first deed of trust, and BOA conducted a non-judicial foreclosure sale of the Property on April 26, 2018. BOA acquired the Property and paid the debt owed to Wilmington. Thus, Wilmington executed a release deed on May 29, 2019 and dismissed its case. Meanwhile, in January of 2021, BOA sold the Property to a third party ("Purchaser"). In March of 2021, Purchaser filed a detainer action against Appellant in the Anderson County General Sessions Court ("general sessions court"). General sessions court granted Purchaser possession of the Property following a hearing on June 28, 2021, and the judgment indicates that it is based on "Default of Defendant(s)."

Despite Wilmington dismissing its case, Appellant continued his filings in the trial court. On January 14, 2021, Appellant filed a "Motion for Temporary Restraining Order, Injunctive Relief, and Damages." The trial court construed this document as a complaint, stating in an order that Appellant "[sufficiently] complied with applicable rules of the Tennessee Rules of Civil Procedure such as to attempt to state a counterclaim seeking damages." In a different order, the trial court explained that Appellant sufficiently "raised a wrongful action claim challenging the propriety and efficacy of the April 26, 2018 sale of real property by Plaintiff, Wilmington and Defendant, Bank of America." Following a motion to dismiss by Wilmington, however, the trial court entered an order finding that Appellant stated no claims against Wilmington. Thus, in an order entered April 11, 2022, the trial court dismissed Wilmington as a defendant. The trial court stated, however, that it "retain[ed] jurisdiction to adjudicate the claims raised against Separate Defendant Bank of America N.A."[2]

On July 7, 2022, BOA filed a motion for summary judgment asserting that the issue of wrongful foreclosure was precluded by the doctrine of res judicata because of the general

---

[1] The only parties at issue in the order appealed from were Appellant, Appellant's wife, and BOA. Appellant's wife is not participating in this appeal, however. While Wilmington did not participate in the summary judgment proceeding at issue, Appellant named Wilmington as an appellee in his notice of appeal to this Court. Wilmington thus filed a brief, raising largely the same arguments as BOA.

[2] Hall also attempted to appeal this ruling, but this Court dismissed the appeal for lack of a final judgment.

sessions court action. Hall filed a response in opposition to the motion and his own motion for summary judgment seeking to vacate the sale of the Property. The trial court heard the competing motions on August 22, 2022.[3]

On August 29, 2022, the trial court entered an order granting summary judgment in favor of BOA based on the doctrine of res judicata. The order states: "The only remaining issue for this court to determine is if the foreclosure sale which was conducted on April 26, 2018 was a fraudulent foreclosure as claimed by Reginald Hall and Rhonda Hall." The trial court concluded that BOA "is entitled to Summary Judgment based on the doctrine of res judicata [which BOA had raised as an affirmative defense] as it relates to the [Halls'] claim that the foreclosure was fraudulent," given that the general sessions court had already considered and rejected Hall's claim of fraudulent foreclosure. The trial court designated this order as its "full and final order." Appellant timely appealed to this Court.

## ISSUES

Appellant does not include in his principal brief a statement of the issues for our review. As best we can discern, Appellant claims that the foreclosure and sale of the Property was fraudulent, a conspiracy, theft by deception, and an abuse of power by the lower courts.

## DISCUSSION

At issue in this case is an order granting summary judgment to BOA. A trial court may grant summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The propriety of a trial court's summary judgment decision presents a question of law, which we review de novo with no presumption of correctness. *Kershaw v. Levy*, 583 S.W.3d 544, 547 (Tenn. 2019).

"The moving party has the ultimate burden of persuading the court that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). As our Supreme Court has instructed,

> when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating

---

[3] There is no transcript of the proceedings in the record.

that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense.

*Rye v. Women's Care Ctr. of Memphis*, 477 S.W.3d 235, 264 (Tenn. 2015). "[I]f the moving party bears the burden of proof on the challenged claim at trial, that party must produce at the summary judgment stage evidence that, if uncontroverted at trial, would entitle it to a directed verdict." *TWB Architects, Inc. v. Braxton, LLC*, 578 S.W.3d 879, 888 (Tenn. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986)).

When a party files and properly supports a motion for summary judgment as provided in Rule 56, "to survive summary judgment, the nonmoving party may not rest upon the mere allegations or denials of its pleading, but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, set forth specific facts . . . showing that there is a genuine issue for trial." *Rye*, 477 S.W.3d at 265 (internal quotation marks and brackets in original omitted). "Whether the nonmoving party is a plaintiff or a defendant – and whether or not the nonmoving party bears the burden of proof at trial on the challenged claim or defense – at the summary judgment stage, '[t]he nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.'" *TWB Architects*, 578 S.W.3d at 889 (quoting *Rye*, 477 S.W.3d at 265). "This court will affirm the trial court's summary judgment if it finds that the trial court reached the correct result, 'irrespective of the reasons stated.'" *Wood v. Parker*, 901 S.W.2d 374, 378 (Tenn. Ct. App. 1995) (quoting *Clark v. Metro. Gov't of Nashville and Davidson Cnty.*, 827 S.W.2d 312, 317 (Tenn. App. 1991)).

Appellant proceeds, as he did in the trial court, pro se. Nonetheless, he "must comply with the same standards to which lawyers must adhere." *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As we have previously explained,

> [p]arties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Id.* at 926–27 (quoting *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011)). Notwithstanding his pro se status, Appellant must comply with the applicable procedural rules of this Court. The Tennessee Rules of Appellate Procedure provide that an appellant's brief shall contain, *inter alia*:

- 4 -

(4) A statement of the issues presented for review;

*      *      *

(7) An argument, which may be preceded by a summary of argument, setting forth:

(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues)[.]

Tenn. R. App. P. 27(a)(4), (7). Pursuant to Rule 27(a)(7)(A), "[i]t must be clear that a party has constructed an argument regarding his or her position on appeal; if not, the matter is subject to waiver." *Heflin v. Iberiabank Corp.*, 571 S.W.3d 727, 734 (Tenn. Ct. App. 2018) (citing *Newcomb v. Kohler Co.*, 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006)). "[C]ompliance with the Rule has not been achieved" when this Court "cannot ascertain that an issue is supported by adequate argument . . . ." *Id*.

There are substantial issues with Appellant's principal brief that render his arguments on appeal difficult to discern. For one, Appellant's principal brief lacks a statement of the issues.[4] Appellate review generally extends only to those issues presented

---

[4] While not dispositive, as it is absent from his principal brief, we note that Appellant did include a statement of the issues in his reply brief, which provides:

Whether the Chancery Court properly awarded summary judgement under Tennessee law. The Appellant chooses in his rebuttal to address the assertions within the Appellee's Response Briefs simply by citing the record, since there are a plethora of intentional inaccuracies that veer from the veritable evidence within the record that they make mockery of the precedent cases they cite to affirm Appellees' arguments. Furthermore, the official record previously offered by this Court, and the others since 2018 including the Chancery, General Sessions, and Circuit Court all of which have dealt with this same matter albeit with separate case file numbers, have all cited the questionable wrongful acts of the Appellees.

However, as it relates to the subsequent actions of the Chancery Court, they have all been an effort to benefit the Appellees exclusively while circumventing the mandates of this Court in its remand order of December 10, 2019, Tennessee Court of Appeals, case number E2018-01250-COA-R3-CV, which strongly implied that the matter is incomplete and creates a Constitutional challenge by the Chancery Court Judge's failure to adjudicate all

for review, *see* Tenn. R. App. P. 13, and this omission is not a mere technical violation of Rule 27. *See Owen v. Long Tire, LLC*, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011) ("The requirement of a statement of the issues raised on appeal is no mere technicality."). This Court "may consider an issue waived where it is argued in the brief but not designated as an issue." *Forbess v. Forbess*, 370 S.W.3d 347, 356 (Tenn. Ct. App. 2011) (citing *Childress v. Union Realty Co.*, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002)).

Setting aside the lack of a statement of the issues, however, Appellant's argument as to how the order appealed from is in error is, essentially, indiscernible. Appellant alleges broad injustices by the trial court as opposed to expounding on any particular legal error made in the ruling at issue. The order appealed from grants summary judgment to BOA on the theory of res judicata; nonetheless, Appellant does not so much as mention the hearing on BOA's motion for summary judgment or the resulting August 29, 2022 order in his principal brief. Rather, Appellant paints in broad strokes and alleges several "causes of action." Appellant states in his "Introduction" that he will "show that the [trial court] has engaged in a multiplicity of acts over the past five years amounting to a gross abuse of discretion while permitting parties, Wilmington and [BOA], to circumvent the remand order of this Appellate Court issued and sent back to the [trial court] on December 10, 2019." Accordingly, Appellant spends a substantial amount of time in his brief reciting the procedural history of the case, interposing the occasional legal conclusion. For example, Appellant claims that "Wilmington lacked Standing at Inception of its original filing on September 7, 2016 to bring foreclosure action against [Appellant's] first lien mortgage[.]" Nonetheless, Wilmington did not participate in the summary judgment proceeding at issue.

Appellant also alleges that the trial court has violated various of Appellant's state and federal constitutional rights, as well as criminal statutes. Even if these assertions could be construed as properly raised issues, however, Appellant develops no legal argument as to how those rights were actually violated. "Our inability to discern whether [Appellant] ha[s] supported [his] issues with proper argument is not without significance in light of the directive in Rule 27(a)(7)(A) that the 'contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief,' be set forth adequately in the argument." *Heflin*, 571 S.W.3d at 734 (quoting Tenn. R. App. P. 27(a)(7)). Moreover, none of Appellant's constitutional or criminal theories are addressed in the order appealed from. And because there is no transcript from the summary judgment hearing, it is unclear from the record whether

_____

issues by refusing to enter a final judgment to protect the due process rights of the Appellant.

Appellant made these arguments in the relevant trial court proceeding. Further compounding the confusion here is the absence of record citations and citations to legal authority in many places throughout Appellant's lengthy brief. *See* Tenn. R. App. P. 27(a)(7).

Simply put, Appellant designates no specific issues for review, but opines on a wide litany of issues and "causes of action" in the argument section of his brief. Although Appellant clearly takes issue with the disposition of the Property overall, Appellant has expounded on no issue about the order actually appealed from, save for a few conclusory statements that genuine disputes of material fact exist. However, "this Court is not charged with the responsibility of scouring the appellate record for any reversible error the trial court may have committed." *Owen*, 2011 WL 6777014, at *4; *see also Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012) (noting that issues on appeal "should be framed as specifically as the nature of the error will permit in order to avoid any potential risk of waiver" (citing *Fahey v. Eldridge*, 46 S.W.3d 138, 143–44 (Tenn. 2001))). While we are mindful of Appellant's pro se status, "we cannot write [Appellant's] brief for [him], and we are not able to create arguments or issues where none otherwise are set forth." *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014). Because Appellant failed to comply with Tennessee Rule of Appellate Procedure 27, any issues purportedly raised are waived. Without opining on the merits of its ruling, we affirm the trial court.

## CONCLUSION

The ruling of the Chancery Court for Anderson County is affirmed. Costs on appeal are assessed to the appellant, Reginald Hall, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE